## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANGEL DAVID RIOS-ROSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  1:23-cv-00002-MTS |
| v. | ) | |
| | ) | |
| STEPHEN N. LIMBAUGH, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Angel David Rios-Rosa to proceed in the district court without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.50. Additionally, for the reasons discussed below, the Court will dismiss this action on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepaying fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Based on the financial information provided in plaintiff's application and the certified copy of his inmate account statement, plaintiff has an average monthly deposit of $7.50. The Court will assesses an initial partial filing fee of $1.50, which is 20 percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b)(2).

### Legal Standard on Initial Review

This Court is required to review a complaint filed without prepayment of the full filing fee, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court "construe[s] the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel, *see McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this action on a court-provided civil complaint form for prisoners filing claims pursuant to 42 U.S.C. § 1983. He names as defendants Stephen N. Limbaugh, Jr., Senior United States District Judge, Eastern District of Missouri; and Gregory J. Linhares, Clerk of Court, Eastern District of Missouri.

Plaintiff's allegations are not clear and will be quoted in their entirety:

[Illegible] . . . on case # 1:22-cv-00126-SNLJ doing also on case 1:22-cv-00145-SNLJ because they has verify my account statement without my personality knows it doing also on our initial partial fees any one can prove my original statement it is realistic doing also all my documents are on Southeast District of the State of Missouri and because Clerk of Court Gregory Linhares has submitted on such district without let's myself personality knows it doing also I wants to knows it do why those individuals has change venues on both of this cases doing also my account it is verify by the institution without my self personality knows it by a way my 4 Amendment been violated because I am offender.

-3-

It appears plaintiff is alleging defendants violated his Fourth Amendment rights in two prior civil cases before the Court, 1:22-cv-126-SNLJ and 1:22-cv-145-SNLJ. Plaintiff does not allege what relief he is seeking.

## Discussion

Plaintiff's case is subject to dismissal because defendants are entitled to absolute judicial immunity and quasi-judicial immunity. The doctrine of judicial immunity applies to plaintiff's allegations against Judge Stephen N. Limbaugh, Jr. Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Clerk of Court Gregory Linhares is also immune to liability on plaintiff's suit. Absolute quasi-judicial immunity shields Linhares from liability. Courts are mindful of "the danger that disappointed litigants blocked by the doctrine of absolute immunity from suing the judges directly, will vent this wrath on clerks, court reporters, and other judicial adjuncts . . . ." *Kincaid v. Vail*, 9969 F.2d 594, 601 (7th Cir. 1992). Through the doctrine of absolute quasi-judicial immunity, courts have extended the protections of judicial immunity to court clerks under certain

circumstances. *See Johnson v. Clark*, 2021 WL 4312744, *4 (E.D. Mo. Sept. 22, 2021). Court clerks "are absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule." *Id.* (quoting *Smith v. Finch*, 324 F. Supp. 3d 1012, 1024 (E.D. Mo. 2018)). To the extent plaintiff's allegations concern his prisoner account statement and the Court's divisional venue rules, these claims fall within the Clerk of Court's immunity to suit. As such, his complaint will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.50. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel, Doc. [3], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

Dated this 28th day of February, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE